IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAREEM SHAREEF,      Plaintiff, | : : : | |
| v. | : : | CIVIL ACTION NO. 21-CV-4039 |
| CONSUMER PORTFOLIO SERVICES INC.,      Defendant. | : : : | |

**MEMORANDUM OPINION**

In 2016, Plaintiff Kareem Shareef purchased a used vehicle on credit from Conicelli Toyota.  Conicelli Toyota assigned its rights under the contract to Consumer Portfolio Services, Inc. ("CPS"), who later repossessed the car, alleging that Shareef had not made a payment in 119 days.  Shareef filed this suit *pro se*, alleging that CPS's conduct, both at the time of contracting and since, violated his rights under four consumer protection statutes.  Shareef also filed a Motion for Leave to Proceed *in Forma Pauperis*.  For the following reasons, Shareef will be granted leave to proceed *in forma pauperis,* and his Complaint will be dismissed without prejudice for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

I.   **FACTUAL ALLEGATIONS**[1]

The Complaint seeks monetary compensation for actions taken by CPS in relation to Shareef's September 8, 2016 purchase of a used 2013 Lincoln MKZ on credit.  Liberally construed, the Complaint's discernable allegations are:

---

[1] The allegations set forth in this Memorandum Opinion are taken from the Complaint and attachments thereto. Shareef submitted two form complaints, each with its own attachment.  Both complaints and their attachments were considered for this Memorandum Opinion.

1

- CPS violated the Truth in Lending Act (15 U.S.C. §§ 1601-1667f) by: (1) failing to include Shareef's cash down payment in the finance charge; (2) failing to offer Shareef any insurance; and, (3) failing to disclose Shareef's right of rescission;

- CPS violated the Fair Credit Billing Act (15 U.S.C. §§ 1666-1666j) by treating a payment on a credit card account under an open end consumer credit plan as late;

- CPS contravened the Fair Debt Collection Practices Act ("FDCPA") (15 U.S.C. §§ 1692-1692p) by (1) using profane language; (2) harassing Shareef by telephone; and, (3) illegally acquiring Shareef's address for the purpose of repossessing his car; and,

- CPS furnished certain information for Shareef's credit report, in violation of the Fair Credit Reporting Act (15 U.S.C. §§ 1681-1681x).

## II.   STANDARD OF REVIEW

Shareef will be granted leave to proceed *in forma pauperis* because it appears from his motion for leave that he is incapable of paying the fees to commence this civil action. 28 U.S.C. § 1915(a)(1). Therefore, his Complaint must be dismissed if, at any time, the Court finds that it fails to state a claim for which relief may be granted. 28 U.S.C. § 1915(e)(2)(B)(ii).

To state a claim, the Complaint must contain "sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (internal quotations omitted) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). In making this determination, the facts alleged in the *pro se* complaint are accepted as true and all reasonable inferences are drawn in the plaintiff's favor. *Shorter v. United States*, 12 F.4th 366, 374 (3d Cir. 2021) (quoting *Perez v. Fenoglio*, 792 F.3d 768, 774, 782 (7th Cir. 2015)).

Although the factual allegations raised by a *pro se* complaint are liberally construed, it must still allege sufficient facts to support a claim. *Vogt v. Wetzel*, 8 F.4th 182, 185 (3d Cir.

2021) (citing *Mala v. Crown Bay Marina, Inc.*, 704 F.3d 239, 244-45 (3d Cir. 2013)).  The complaint need not recount the facts in detail, but it must offer more than "labels and conclusions." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555).  "Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice." *Id.*  A complaint that is so vague or ambiguous that no defendant could reasonably be expected to respond does not state a claim.  *Garrett v. Wexford Health*, 938 F.3d 69, 93 (3d Cir. 2019) (quoting *Schaedler v. Reading Eagle Publ'n, Inc.*, 370 F.2d 795 (3d Cir. 1967)).

### III.   DISCUSSION

#### A.  Truth in Lending Act

The Truth in Lending Act "requires lenders to make certain disclosures to borrowers and gives borrowers a civil cause of action against creditors who violate these disclosure provisions." *Ramadan v. Chase Manhattan Corp.*, 156 F.3d 499, 500 (3d Cir. 1998).  Claims brought under the Act are subject to a one year statute of limitations, unless there is cause for equitable tolling. *Id.* at 505; 15 U.S.C. § 1640(e).[2]  However, a "statute of limitations is an affirmative defense, and the burden of establishing its applicability to a particular claim rests with the defendant." *In re Cmty. Bank of N. Va.*, 622 F.3d 275, 292 (3d Cir. 2010) (quoting *Bradford–White Corp. v. Ernst & Whinney*, 872 F.2d 1153, 1161 (3d Cir.1989)).  To survive a motion to dismiss, the plaintiff need only "plead the applicability of the [equitable tolling] doctrine." *Oshiver v. Levin, Fishbein, Sedran & Berman*, 38 F.3d 1380, 1391 (3d Cir. 1994) *overruled in irrelevant part by Rotkiske v. Klemm*, 890 F.3d 422, 428 (3d Cir. 2018) (en banc), *aff'd*, ⸺ U.S. ⸺, 140 S. Ct. 355 (2019).

---

[2] A longer statute of limitations, not at issue here, applies to high cost and residential mortgages.  *See* 15 U.S.C. § 1640(e).

The alleged violations of the Truth in Lending Act concern CPS's conduct at the execution of the contract on September 8, 2016. Shareef did not file this action until September 7, 2021 and has not alleged that equitable tolling applies. Therefore, his Truth in Lending Act claims will be dismissed without prejudice.

### B. Fair Credit Billing Act

Congress enacted the Fair Credit Billing Act to "protect the consumer against inaccurate and unfair credit billing and credit card practices." *Krieger v. Bank of Am.*, N.A., 890 F.3d 429, 433 (3d Cir. 2018) (quoting 15 U.S.C. § 1601(a)).[3] The section invoked by Shareef, 15 U.S.C. § 1666b, provides:

> A creditor may not treat a payment on a credit card account under an open end consumer credit plan as late for any purpose, unless the creditor has adopted reasonable procedures designed to ensure that each periodic statement including the information required by section 1637(b) of this title is mailed or delivered to the consumer not later than 21 days before the payment due date.

Shareef's Complaint merely restates a portion of this statutory language and does not allege any facts to support his claim. Accordingly, Shareef has not stated a claim and his Fair Credit Billing Act claim will be dismissed without prejudice.

### C. Fair Debt Collection Practices Act

"The FDCPA provides a remedy for consumers who have been subjected to abusive, deceptive or unfair debt collection practices by debt collectors." *Piper v. Portnoff Law Assocs., Ltd.*, 396 F.3d 227, 232 (3d Cir. 2005). To state a claim under this Act, Shareef must establish that: "(1) []he is a consumer, (2) the defendant is a debt collector, (3) the defendant's challenged

---

[3] Shareef's claim under the Fair Credit Billing Act would be subject to the same statute of limitations as all claims brought under the Truth in Lending Act. *See* 15 U.S.C. § 1640(a), (e). As Shareef pled no facts in support of this claim, it cannot be determined whether the statute of limitations applies, or whether Shareef must plead the applicability of the equitable tolling doctrine.

practice involves an attempt to collect a 'debt' as the [FDCPA] defines it, and (4) the defendant has violated a provision of the FDCPA in attempting to collect the debt." *St. Pierre v. Retrieval-Masters Creditors Bureau, Inc.*, 898 F.3d 351, 358 (3d Cir. 2018) (quoting *Douglass v. Convergent Outsourcing*, 765 F.3d 299, 303 (3d Cir. 2014) (second alteration in original)).

Shareef has not articulated any facts to support the elements of an FDCPA claim. For example, Shareef has not described when the harassing phone calls took place, what was said on the phone, or how CPS acquired his address. Nor has Shareef alleged that CPS is a "debt collector" under the Act. Citing to the statute and repeating the language contained in the law is insufficient to state a claim without a description of what actions CPS took to give rise to the claim against it. Shareef's FDCPA claim will be dismissed without prejudice.

### D. Fair Credit Reporting Act

The Fair Credit Reporting Act was intended "to ensure fair and accurate credit reporting, promote efficiency in the banking system, and protect consumer privacy." *Safeco Ins. Co. of Am. v. Burr*, 551 U.S. 47, 52 (2007). The Act imposes certain duties on both consumer reporting agencies and those who furnish information to such agencies. *Seamans v. Temple Univ.*, 744 F.3d 853, 860 (3d Cir. 2014). Claims against a furnisher of information can only be brought under 15 U.S.C. § 1681s–2(b). *SimmsParris v. Countrywide Fin. Corp.*, 652 F.3d 355, 358 (3d Cir. 2011). The Third Circuit explained what prerequisites must be fulfilled before an individual may bring suit against a furnisher of information:

> [A] consumer must first alert the credit reporting agency that reported the allegedly erroneous information of a dispute. It is then up to the reporting agency to inform the furnisher of information that there has been a dispute, thereby triggering the furnisher's duty to investigate. It is only when the furnisher fails to undertake a reasonable investigation following such notice that it may become liable to a private litigant under § 1681s–2(b).

*Id.* at 359.  Shareef's only factual allegation related to this claim is that he "never gave written permission to furnish on my credit report."  Construing the Complaint liberally, it may be inferred that CPS furnished information pertaining to Shareef's debt for the Lincoln MKZ to a credit reporting agency, and that Shareef is now objecting to the inclusion of such information on his credit report.

This allegation does not contain enough factual information to state a claim because it does not suggest that Shareef filed a dispute with the relevant consumer reporting agency prior to suing CPS.  His Fair Credit Reporting Act claim will therefore be dismissed without prejudice.

## IV.   CONCLUSION

For the foregoing reasons, the Court will grant Shareef leave to proceed *in forma pauperis* and dismiss his Complaint without prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii) for failure to state a claim.

An appropriate order follows.

                                                  **BY THE COURT:**

                                                  /s/Wendy Beetlestone, J.
                                                  _____
                                                  **WENDY BEETLESTONE, J.**